**DISTRICT COURT OF GUAM**

| | |
|---|---|
| SHERIF ANTOUN PHILIPS, MD,<br><br>Plaintiff,<br><br>vs.<br><br>PITT COUNTY MEMORIAL HOSPITAL, INC.,<br><br>Defendant. | CIVIL CASE NO. 23-00025<br><br>**REPORT & RECOMMENDATION**<br>(i) to Grant Defendant's Motion to Dismiss (ECF No. 3) and<br>(ii) to Declare the Plaintiff a Vexatious Litigant |

Before the court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) and Failure to State a Claim Upon Which Relief can be Granted under Rule 12(b)(1) (the "Motion to Dismiss"), filed by defendant Pitt County Memorial Hospital, Inc. ("PCMH"). *See* ECF No. 3. The motion has been fully briefed, and oral argument will not aid the court in reaching a decision on the pending matter. Having reviewed the record, including other cases filed in this court, and based on relevant authority, the court now issues this Report and Recommendation to grant the Defendant's Motion to Dismiss.

**I.  Background**

Having previously filed suits and lost in both federal and state courts, this is yet another attempt by the Plaintiff to re-litigate claims stemming from the suspension of his medical privileges at PCMH, located in North Carolina. A detailed discussion of the Plaintiff's prior lawsuits are set forth in Reports and Recommendations previously issued by this court, and the court adopts and incorporates said facts here. *See Philips v. Pitt County Mem'l Hosp., Inc.,* No. CV 18-00046, 2019 WL 4794514, at *1 (D. Guam Sept. 30, 2019), R. & R. adopted as modified, No. CV 18-00046, 2019 WL 5963927 (D. Guam Nov. 13, 2019), aff'd, 855 F. App'x 324 (9th Cir. 2021), and *Philips*

*v. Berman*, No. CV 23-00017, 2024 WL 1463100, at *1-2 (D. Guam Apr. 4, 2024).

The relevant litigation history on Guam began on May 21, 2018 with PCMH filing an action to enforce a North Carolina state court judgment that awarded it attorneys' fees and costs. *See Pitt Cnty Mem'l Hosp. v. Philips*, Superior Court of Guam Civil Case No. 0478-18 (the "Enforcement Action").

The Plaintiff then filed suit in this court on December 26, 2018, against PCMH, two of its doctors and two attorneys that represented PCMH. *See Philips v. Pitt County Mem'l Hosp., Inc.*, No. CV 18-00046 ("*Philips V*"). The Plaintiff asserted that this court had federal question jurisdiction over the matter, but the court granted the defendants' motion to dismiss, finding a lack of federal question jurisdiction and a lack of personal jurisdiction over the defendants. The court further held that even if the complaint was construed as "an inartful attempt to invoke this [c]ourt's removal jurisdiction," the removal was untimely and barred by the forum defendant rule. *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 5963927, at *2 (D. Guam Nov. 13, 2019), aff'd, 855 F. App'x 324 (9th Cir. 2021).

In the Enforcement Action, the Superior Court of Guam entered judgment against the Plaintiff, and PCMH then sought to levy on the Plaintiff's membership interest in RSA-Tumon, LLC ("RSA-Tumon"). *See RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 20-00025, 2021 WL 1215777, at *1 (D. Guam Mar. 30, 2021). On July 7, 2020, RSA-Tumon initiated an interpleader action in the Superior Court of Guam, naming both PCMH and the Plaintiff as defendants in that action. *Id.* On July 13, 2020, the Plaintiff initiated suit by filing a Motion to Transfer ("*Philips VI*"), seeking to remove the interpleader action to this court on the basis of diversity jurisdiction. *Id.* The court ultimately granted RSA-Tumon's motion for remand, finding that removal was improper because there was no complete diversity between the parties. *Id.* at *2.

The Enforcement Action proceeded in the Superior and Supreme Courts of Guam, but on June 16, 2022, the Plaintiff filed a complaint in this court against the Judiciary of Guam. *See Sherif Antoun Philips, M.D. v. Guam Courts*, No. CV 22-00014 ("*Philips VII*"). This court determined that the Plaintiff was essentially seeking appellate review of the Superior Court of Guam's decisions, which was precluded by the *Rooker-Feldman* doctrine and dismissed the complaint for

lack of jurisdiction. *Philips v. Guam Cts.*, No. CV 22-00014, 2022 WL 17551558, at *2 (D. Guam Dec. 9, 2022). The court was affirmed on appeal. *Philips v. Judiciary of Guam*, No. 22-16919, 2023 WL 4994523 (9th Cir. Aug. 4, 2023).

On June 20, 2023, the Plaintiff filed a complaint against the two Guam attorneys representing PCMH in the Enforcement Action. *See Philips v Berman*, No. CV 23-00017 ("*Philips VIII*"). The below-signed judge issued a Report and Recommendation to dismiss *Philips VIII* because the Plaintiff "failed to meet his burden of pleading and proving the existence of either federal question or diversity jurisdiction." *Philips v. Berman*, No. CV 23-00017, 2024 WL 1463100, at *11 (D. Guam Apr. 4, 2024).[1] Additionally, the court recommended that the Defendants' Motion for Sanctions be granted because the Plaintiff brought said action "to harass the Defendants and unnecessarily delay the Enforcement Action." *Id.*

On November 20, 2023, the Plaintiff initiated the instant action (*"Philips IX"*) by filing a Motion to Transfer to Guam District Court (the "Motion to Transfer"). Mot. Transfer, ECF No. 1. The Plaintiff seeks to again remove the Enforcement Action to this court and claims that he "has the right to transfer his case to the federal court where there was Complete Breaching of the plaintiff's constitutional right." *Id.* at 1. The Motion to Transfer states that "[t]he transfer was brought for the interest of Justice, the familiarity of the forum with the law and avoidance of conflict of law." *Id.* at 2. Similar to other actions he filed in this court, the Plaintiff repeats his assertion that this court has jurisdiction "over local cases as well as federal cases concerning the constitution." *Id.* at 3. Additionally, the Plaintiff appears to allege that this court has diversity jurisdiction over the action because the Plaintiff is domiciled in Florida, *id.* at 2, and PCMH is a North Carolina corporation. *See also* Pl.'s Reply to Mot. Dismiss at ¶ 28, ECF No. 8 ("Plaintiff's state of domicile is Florida and [PCMH's] stat[e] of domicile is North Carolina."). The Motion to Transfer also lists fourteen "issues" which, when read liberally, appear to raise claimed errors by the local judiciary in adjudicating the Enforcement Action. *See* Mot. Transfer at 3, ECF No. 1.

In lieu of an answer, on November 30, 2023, PCMH filed the instant Motion to Dismiss,

---

[1] The Report and Recommendation is still under consideration with the Chief Judge.

along with a memorandum in supporting authority and the declaration of counsel, Daniel Berman. *See* ECF Nos. 3-5. PCMH argues that the instant suit "is a flawed effort at forum shopping" and should be dismissed because the court lacks subject matter jurisdiction.

## II. Legal Standard

The Plaintiff is proceeding *pro se*, and the allegations in the Motion to Transfer are awkwardly expressed. It is unclear whether he is asserting that removal of the Enforcement Action is based on a federal question or diversity of citizenship between the parties. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

A defendant may raise either a facial or a factual challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"). In a factual attack, such as the one raised in the Defendant's Motion to Dismiss, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted). "Where a factual motion to dismiss is made and only written materials are submitted for the court's consideration (*i.e.*, no hearing is held), a plaintiff need only establish a prima facie case of jurisdiction." *Rancheria v. Bonham*, 872 F. Supp. 2d 964, 968 (N.D. Cal. 2012) (citing *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1985)).

## III. Analysis

"It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A court must presume lack of jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). "The party seeking to invoke the district court's diversity

jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

      A.    <u>Whether this court has federal question jurisdiction over the action</u>

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law either where federal law creates the cause of action or where plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

The Plaintiff's Motion to Transfer seeks to remove the Enforcement Action to this court. As discussed above, the Enforcement Action was brought in the Superior Court of Guam by PCMH to enforce a North Carolina state court judgment that awarded it attorneys' fees and costs. The Plaintiff has not shown how the enforcement of a state court judgment arises under federal law. Instead, based on a liberal reading of the Plaintiff's inartful pleading, it appears that he is once again challenging the prior judgments and rulings of the North Carolina state courts and the Guam Superior and Supreme Courts.[2] As the court already explained in *Philips VII,* the *Rooker-*

---

[2] The Plaintiff's Motion to Transfer asserts the following:
- "The lower Court completely violate[d] the Due Process when the court granted a summery [sic] judgment motion to Pitt County followed by Levi [sic] and public auction of the [Plaintiff's] valuable property." Mot. Transfer at ¶ 42, ECF No. 1;
- "the Guam Supreme Court tried to cover up that error by aiming to enforce local administration issues[.]" *Id.* at ¶ 46;
- "Both the lower court and Guam satellite Court breach The Due Process[.]" *Id.* at ¶ 50;
- "The ADM23-11 administration order and named appellant as a vexatious litigant because appellant was asking for equal protection under the law and follow the law as prescribed[.] That was complete breaching to the Fourteenth Amendment." *Id.* at ¶¶ 56-57;
- "North Carolina ruling for the legal fees and the cost was a . . . typical example of Fraud Upon The Court[.]" *Id.* at ¶ 62;
- "The Satellite Court Judge was blocking appellant from explanation to the local lawyer lies." *Id.* at ¶ 72;
- "There was discrepancy between the lower court ruling and the hearing[.]" *Id.* at ¶ 76;
- "The lower court completely omitted the appellant new claim at North Carolina

*Feldman* doctrine precludes this court from exercising jurisdiction over the case. *See Philips v. Guam Cts.*, No. CV 22-00014, 2022 WL 17551558, at *2 (D. Guam Dec. 9, 2022). The *Rooker-Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The claims in the Enforcement Action and the Motion to Transfer do not arise under federal law. Rather, the court construes said issues in the Motion to Transfer to be a *de facto* appeal in that they are inextricably intertwined with prior judgments of the North Carolina and Guam courts, and that such a challenge is barred by the *Rooker-Feldman* doctrine. The court finds that it does not have federal question jurisdiction over this matter.

B. <u>Whether the Plaintiff is domiciled in Guam or Florida</u>

The next issue for the court to decide is whether the Plaintiff is domiciled in Guam or Florida. To establish citizenship for diversity purposes, a party must be a citizen of the United States and be domiciled in a state of the United States. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Courts are guided by several principles for this inquiry.

---

District Court and rejected transfer the appellant's case over there." *Id.* at ¶ 77;
- "The lower court kept breaching the Fourteenth Amendment and the Due Process by **Striking out all defendant-appellant's motions in one order even with lack of jurisdiction (good example of retaliation)**[.]" *Id.* at ¶ 81 (underline and bold font in original);
- "On October 13, 2023, [t]he lower court kept breaching the **Fourteenth Amendment and the Due Process. The lower court engaged in Treason of the constitution (with lack of jurisdiction – the appellant['s] case [was] under the jurisdiction of Guam Supreme Court) issued a Levi [sic] on all appellant['s] bank account and public auction of the appellant['s] private property**." *Id.* at ¶ 82 (underline and bold font in original);
- "**Satellites court hearing was a set up with a judge unfamiliar with the entire case and it's progress**[.]" *Id.* at ¶ 103 (bold font in original);
- "**The lower court kept breaching the Fourteenth amendment by Bad Ruling led to file for 6 Appeal**." *Id.* at ¶ 111 (underline and bold font in original); and
- "All of this appeal was dismissed in **Prejudiced Way (The way of writing of the briefing – about the margin, wide space and fraudulent allegations Copy and Paste!)**[.]" *Id.* (underline and bold font in original).

> First, the party asserting diversity jurisdiction bears the burden of proof. Second, a person is "domiciled" in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely. Third, the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed.
>
> Finally, a person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely.

*Id.* at 749-50 (internal quotations, citations and brackets omitted).

In his opposition to the Motion to Dismiss, the Plaintiff asserts that his "state of domicile is Florida." Pl.'s Reply at ¶ 28, ECF No. 8. PCMH challenges this assertion and maintains that the Plaintiff's domicile is Guam. If Plaintiff is domiciled in Guam, as this court previously ruled in *Philips V*, then his "attempt to effect removal . . . is untimely" because the Plaintiff initiated his action in this court "well past the 30-day deadline" set forth in Section 1446(b)(1).[3] *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 5963927, at *2 (D. Guam Nov. 13, 2019). Additionally, "[a]s a citizen of Guam, . . . Plaintiff would be unentitled to invoke the [c]ourt's removal jurisdiction" under the forum defendant rule.[4] Because of the court's prior rulings, the Plaintiff is well aware that if his domicile is Guam as he previously claimed, then he may not remove the Enforcement Action to this court.

The Plaintiff thus now claims that he is domiciled in Florida, but this plain assertion is

---

[3] Section 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or **within 30 days** after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added)

[4] Generally, the forum defendant rule prohibits removal of a case to federal court where at least one named defendant is a citizen of the state where the action was filed. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

insufficient for diversity jurisdiction purposes. The Ninth Circuit Court of Appeals has warned the Plaintiff that he "cannot 'simply rest on the bare allegations of [his] complaint.'" *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, 855 F. App'x 324 (9th Cir. 2021) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir 1977)). Rather, "[w]hen the defendant raises a factual attack, the plaintiff must support [his] jurisdictional allegations with competent proof, under the same evidentiary standard that governs in the summary judgment context." The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal citations and quotation marks omitted). "In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit 'affidavits or any other evidence properly before the court. . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

In determining a party's domicile, the court considers "objective facts" and "statements of intent are entitled to little weight when in conflict with facts." *Lew*, 797 F.2d at 750 (internal quotations omitted). Case law sets forth various objective factors relevant to determining an individual's domicile, with no single factor controlling. *Id.* These factors include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.*

In support of its Motion to Dismiss, PCMH's counsel filed a declaration with 22 exhibits consisting of the Plaintiff's tax records, letters written by him, his medical license renewal applications, payments to the Guam Board of Medical Examiners, and other court records.[5] *See*

---

[5] The declaration and exhibits appear to be identical to counsel's filing in *Philips VIII*. *See* Decl. Daniel Berman, ECF No. 8 and attachments thereto in *Philips v Berman*, No. CV 23-00017.

Decl. Daniel Berman, ECF No. 5 and attachments thereto. Additionally, Mr. Berman declared under penalty of perjury that "no disclosure from [the Plaintiff] exists in writing of any street address, [d]eed to real property in Florida, [l]ease of real property in Florida, real property parcel number or taxes paid in the State of Florida, City of St. Petersburg." *Id.* at ¶ 27. Based on these exhibits, the Plaintiff has been living and working on Guam since mid-2007. On May 8, 2007, the Plaintiff wrote to the Guam Board of Medical Examiners ("GBME") requesting he be given hospital privileges at the Guam Memorial Hospital because "effective June 1, 2007," he would be "working full time with [the] American Dialysis Center, Inc.," located in "Upper Tumon, Guam," *Id.* at Ex. 4. This is consistent with the Plaintiff's May 2018 filing with the North Carolina state court where he sought to "cancel" a hearing before said court and stated that he was "a solo nephrologist whom (sic) lives in Guam for 11 years." *Id.* at Ex. 18. Even the Supreme Court of Guam in a March 2023 Order affirming that the Superior Court had personal jurisdiction over the Plaintiff stated that the Plaintiff "has been living and practicing medicine in Guam for nearly a decade." *Id.* at Ex. 17. The exhibits further show that the Plaintiff renewed his medical license with the GBME in 2017, 2019, 2021, with each license valid for a two-year period. *Id.* at Exs. 6-8, and 10-14. Finally, when the Plaintiff filed this action, he listed a Guam address on the face of the Motion to Transfer *See* Mot. Transfer at 1, ECF No. 1. This same Guam address is listed on the front page of the Plaintiff's reply to the Motion to Dismiss. *See* Pl.'s Reply at 1, ECF No. 8.

Based on the objective evidence before the court, PCMH has established that the Plaintiff has been domiciled in Guam since 2007. The Plaintiff now asserts that he is domiciled in Florida. "A domicile once acquired is presumed to continue until it is shown to have changed." *Mitchell v. United States*, 88 U.S. 350, 353 1874. A party alleging a newly acquired domicile must produce "substantial evidence" to rebut the presumption favoring his previously established domicile. *Lew*, 797 F.2d at 752. In this case, the Plaintiff has not presented the court with any evidence, let alone substantial evidence, that his domicile changed to Florida by the time he filed the Motion to Transfer. In light of all the evidence, considering the long-standing rule that diversity jurisdiction is to be strictly construed, *see Owen Equip. & Erection v. Kroger*, 437 U.S. 365, 377 (1978), and the presumption favoring an established domicile over a newly acquired one, the court once again

concludes that the Plaintiff has not shown by a preponderance of the evidence that he was not a citizen of Guam at the time he filed the Motion to Transfer herein.

### C. Whether the matter was timely removed to this court

A strong presumption against removal exists, and the removing party bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). If there is any doubt as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566. Under the federal removal statutes, if a case that implicates federal question or diversity jurisdiction, a defendant must generally file a notice of removal within 30 days of original service on the defendant. 28 U.S.C. § 1446(b)(1). Additionally, "[a] case **may not be removed** under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 **more than 1 year after commencement of the action**, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis added).

As discussed above, there is no federal question raised in the Plaintiff's Motion to Transfer, and because the Plaintiff is domiciled in Guam, the forum defendant rule bars his attempt to remove the Enforcement Action to this federal forum. Even if the court assumed that the Plaintiff's domicile is Florida as he claims, the court nevertheless finds that Motion to Transfer is untimely. The Plaintiff seeks to remove the Enforcement Action to this court on the basis of diversity jurisdiction because the Plaintiff claims he is now domiciled in Florida (not Guam) and PCMH is domiciled in North Carolina. The Enforcement Action commenced in the Superior Court of Guam on May 21, 2018. The instant Motion to Transfer was not filed within 30 days of service upon the Plaintiff. Additionally, more than one year has passed between the commencement of the Enforcement Action and the filing of the instant Motion to Transfer on November 20, 2023. The Plaintiff has not proven how PCMH's actions somehow prevented him from removing the action timely. The court finds no evidence of bad faith on the part of PCMH that precluded the Plaintiff from timely removing the Enforcement Action, assuming there were grounds for such removal. Thus, even if the Plaintiff were domiciled in Florida, the court concludes that his attempt to once again remove the Enforcement Action to this court to be untimely.

D. Whether Plaintiff should be deemed a vexatious litigant

The parties' filings have not fully briefed the issue of whether the Plaintiff should be deemed a vexatious litigant, although PCMH's Motion to Dismiss claims the Plaintiff initiated this action "for an improper purpose – to vex and harass [PCMH] and delay enforcement of PCMH's earlier filed judgment." PCMH's Mem. P. & A. Supp. Mot. Dismiss at 13, ECF No. 4. As will be further discussed, the below-signed judge recommends that the Chief Judge declare the Plaintiff to be a vexatious litigant.

A vexatious litigant is one with a history of abuses of the judicial process. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Federal courts have been granted "inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Id.* (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Such restrictions, including the use of pre-filing orders, are used sparingly and only under extreme circumstances. *Id.* Thus, the Ninth Circuit has provided district courts with the following guidelines before entering a pre-filing order: (1) the plaintiff must have adequate notice to oppose a restrictive pre-filing order before it is entered; (2) the trial court must make an adequate record for review, "to include all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;" (3) substantive findings concerning the frivolous or harassing nature of the filings; and (d) a narrow tailoring of the order to prevent further abuses. *Id.* 1147-48.

This Report and Recommendation should also be deemed to give the Plaintiff adequate notice that the court is considering the imposition of a restrictive pre-filing order.

As to the record of the Plaintiff's frivolous or harassing filings, the court notes the following history in this district, without further discussion of the motions pending in this case:

***Philips V,*** **Civil Case No. 18-00046**

- December 26, 2018 - Plaintiff filed suit against PCMH, two of its doctors and two attorneys that represented PCMH, asserting that this court had federal question jurisdiction. The complaint appeared to assert a Section 1983 claim. *See* Compl. at ¶¶ 1 and 89 ("Plaintiff brings his claims pursuant to Title 42 U.S. Code & (sic) 1983 for violations of Certain Protections guaranteed to plaintiff by the First, Fifth, Ninth and Fourteenth Amendments

///

///

of the federal Constitution."), ECF No. 1.[6]  The defendants moved to dismiss, asserting among other arguments, that the court lacked subject matter jurisdiction and lacked personal jurisdiction over the defendants. *See* Mot. Dismiss and Mem. P. & A. Supp. Mot. Dismiss, ECF Nos. 9-10.

- September 30, 2019 - A Report and Recommendation was filed, finding that the court lacked federal question jurisdiction and personal jurisdiction over the defendants. *See* R. & R., ECF No. 37.  The court found that the Plaintiff "failed to meet his burden of making a *prima facie* showing of sufficient minimum contacts with Guam to establish either general or specific personal jurisdiction" over the defendants. *Id.* at 15.  The Plaintiff timely filed a timely objection. *See* ECF No. 39.

- November 13, 2019 - The court issued an Order adopting the Report and Recommendation with two modifications. *See* Order, ECF No. 41.  With regard to the discussion on federal question jurisdiction, the court stated that "a sister federal court has already determined that . . . PCMH, Paul Bolin, and Ralph Whatley are not state actors . . ., thus precluding Plaintiff from relitigating that issue in this action." *Id.* at 2.  The court further found that "because Defendants Creech and Salsman – counsel for Defendant PCMH . . . are mere agents of PCMH, any suggestion that their actions on behalf of PCMH constituted 'state action' for purposes of § 1983 is not only meritless but 'wholly insubstantial and frivolous.'" *Id.* (citations and footnote omitted).  The second modification included a discussion of Removal Jurisdiction, where the court explained that (1) removal is improper if any defendant is a citizen of the state in which such action is brought, (2) the notice of removal must be filed within 30 days of service of the initial pleading, and (3) the *Rooker-Feldman* doctrine bars the Plaintiff from *de facto* appeals from state court judgments. *Id.* at 3-4. The court overruled the Plaintiff's objections and granted the defendants' motion to dismiss. *Id.* at 4-5.

- November 14, 2019 - Plaintiff filed a Notice of Appeal. *See* ECF No. 44.

- November 19, 2019 - While the case was on appeal, Plaintiff filed a motion which he captioned "Rule 59 Grant Relief Under 28 U.S.C. & 1655, Slander, Harassment, Defamation and Injunction Relief" (the "Rule 59 Motion"). *See* ECF No. 45.

- December 23, 2019 - The U.S. Court of Appeals for the Ninth Circuit issued an Order holding the Plaintiff's appeal in abeyance pending this court's ruling on the Rule 59 Motion. *See* Order, ECF No. 47.

- On February 4, 2020, the Plaintiff filed a Statement of Jurisdiction, followed by the filing of a "First Memorandum of Law for Rule 59, Slander, Defamation and Harassments" on May 13, 2020. *See* ECF Nos. 49-50.

- July 28, 2020 - The court issued an Order denying the Rule 59 Motion. *See* Order, ECF No. 54.  The court stated "it was not clear precisely what relief Plaintiff" sought in his Rule 59 Motion. *Id.* at 3.  Insofar as it sought relief under 28 U.S.C. § 1655, the court denied the request since said section was inapplicable to the case. *Id.*  If the Plaintiff sought relief from the dismissal order so that he could file an amended complaint to add claims for slander, harassment, defamation and injunctive relief, the court denied said request.  The court stated the Plaintiff had "not explained his unreasonable delay in seeking leave to add these claims, nor has he explained how the conduct alleged in his motion would fall outside the litigation privilege and *Noerr-Pennington* immunity.  Because the [c]ourt finds that leave to amend would be futile and against the interests of justice, . . . such request

---

[6] Citations to specific documents in Section D of this Report and Recommendation corresponds to the ECF numbers in the docket sheet of the referenced case.

necessarily fails to provide a basis for relief under Rule 59." *Id.* Insofar as the Plaintiff sought reconsideration for dismissing the Complaint for lack of jurisdiction, the court also denied said relief. The court stated that "[a]ll of the points raised in Plaintiff's new filings were already considered by the [c]ourt, having been either explicitly raised or clearly suggested by the Plaintiff's previous filings. Because Plaintiff has provided no convincing reason for the [c]ourt to doubt the correctness of its prior order dismissing the case, the [c]ourt reaffirms its prior dismissal and denies Plaintiff's motion for reconsideration." *Id.* at 4.

- August 9, 2021 - The U.S. Court of Appeals for the Ninth Circuit issued a Memorandum decision affirming the court's dismissal of this case for lack of personal jurisdiction. *See* ECF No. 55. Additionally, to the extent that the Plaintiff's appeal and subsequent motions filed in the appellate court sought review or removal of the Enforcement Action, the court denied said requests, stating that "[t]he motions do not comply with the removal statute, 28 U.S.C. § 1446, and this Court no longer has jurisdiction to review judgments of the Guam Supreme Court, *see Santos v. Guam,* 436 F.3d 1051 (9th Cir. 2006). The district court likewise properly denied removal as untimely and barred by the forum defendant rule[.]" *Id.* at 3.

- August 10, 2021 - Plaintiff filed a "Petition for Transfer and Consolidation to the Fourth Circuit of Appeal" (the "Motion to Transfer"). *See* ECF No. 56. Plaintiff's Motion to Transfer cited to 28 U.S.C. §§ 1404(a), 1406(a) and 1407, and Rule 42(a). *Id.* at 2.

- November 15, 2021 - This court issued an Order denying the Motion to Transfer. *See* Order, ECF No. 60. With regard to the request to transfer under 28 U.S.C. § 1404(a), the court stated that a change in venue under said statute was not possible because the court lacks personal jurisdiction over the defendants. With regard to the Plaintiff's reliance on Section 1406(a), the court stated that since it had "already dismissed this case and declined to transfer it," Section 1406(a) "does not permit dismissal *and* transfer. As such[,] it is too late for this [c]ourt to transfer this case since it has already been dismissed." *Id.* at 2 (emphasis in original). As for Section 1407, the court stated that said statute "allows for the consolidation of multiple civil cases that are currently pending in different districts." *Id.* However, the Plaintiff's previous suits in the Eastern District of North Carolina were dismissed and so was the instant case, so there were no pending cases to consolidate. *Id.* at 2-3. Additionally, the court noted that it "would not be able to consolidate this case with another as it has no jurisdiction over the matter." *Id.* at 3. Finally, the court found relief under Rule 42(a) to be inappropriate because the court had no jurisdiction. *Id.*

- September 22, 2023 - Plaintiff filed a Notice of Appeal. *See* ECF No. 61.

- October 26, 2023 - The U.S. Court of Appeals for the Ninth Circuit issued an Order dismissing the Plaintiff's appeal for lack of jurisdiction, stating that the Plaintiff's Notice of Appeal "does not challenge a final or appealable order of the district court." *See* Order, ECF No. 62. The court also denied all pending motions as moot.

- April 17, 2024 - The U.S. Court of Appeals for the Ninth Circuit issued an Order denying the Plaintiff's motion to transfer to the Fourth Circuit and denying all other motions as moot. *See* Order, ECF No. 63. The court further stated that "[n]o further filings will be entertained in this closed case." *Id.*

///

///

///

***Philips VI*, Civil Case No. 20-00025**

- July 13, 2020 - Plaintiff[7] filed a motion to transfer an interpleader action in the Superior Court of Guam to this court on the basis of diversity jurisdiction. *See* ECF No. 1. On July 30, 2020, the plaintiff in the interpleader action moved to remand the matter to the Superior Court. *See* ECF No. 4.

- August 6, 2020 - Plaintiff filed a Motion to Dismiss, *see* ECF No. 6, asserting that the Superior Court of Guam committed "abuse of discretion" in granting summary judgment against him in the Enforcement Action and appearing to ask this court to dismiss the Enforcement Action and impose sanctions for harassment.

- March 30, 2021 - This court granted the motion to remand, finding a lack of complete diversity as alleged by the Plaintiff. *See* Order at 3-4, ECF No. 15. The court also stated that even if there was complete diversity, the forum defendant rule would bar the Plaintiff from removing the interpleader action to this court. *Id.* at 4. The court further found that the Plaintiff "lacked an objectively reasonable basis for seeking removal" and awarded the interpleader plaintiff attorney's fees and costs. *Id.* at 5.

- March 31, 2021 - Plaintiff filed a Notice of Appeal. *See* ECF No. 17.

- April 16, 2021 - The U.S. Court of Appeals for the Ninth Circuit issued an Order dismissing the appeal for lack of jurisdiction because the portion of the court's Order awarding fees and costs was not yet final. *See* Order, ECF No. 20.

- April 20, 2021 - Plaintiff filed a Motion for Reconsideration. *See* ECF No. 21.

- July 7, 2021 - The court denied the Motion for Reconsideration. *See* Order, ECF No. 25. The court also awarded the interpleader plaintiff $4,577.25 in attorney fees and $193.34 in reimbursable costs. *See* Order at 4, ECF No. 26.

- July 8, 2021 - Plaintiff filed a Notice of Appeal. *See* ECF No. 27.

- July 23, 2021 - The U.S. Court of Appeals for the Ninth Circuit issued an Order denying a motion for reconsideration filed by the Plaintiff because his appeal of this court's July 7, 2021 Order remained pending. *See* Order, ECF No. 28.

- July 19, 2022 - The U.S. Court of Appeals for the Ninth Circuit issued a Memorandum stating that it lacked jurisdiction to review the portion of the March 30, 2021 Order that remanded the interpleader action to the Superior Court of Guam. *See* Mem. at 2, ECF No. 30. The court affirmed this court's aware of attorney's fees and costs. *Id.* at 3. The court further stated that it "rejected as unsupported by the record [Plaintiff's] contention that the district court was not impartial." *Id.*

***Philips VII*, Civil Case No. 22-00014**

- June 16, 2022 - Plaintiff filed a complaint against the "Guam Courts" asserting the following claims: "Due Process, Fifth Amendment, Fourteenth Amendment, First

---

[7] The term "Plaintiff" refers to Dr. Philips, the Plaintiff in the instant case. While Dr. Philips was not the "plaintiff" in the interpleader action, the court uses the term "Plaintiff" throughout this Report and Recommendation to specifically refer to Dr. Philips.

   Amendment, Fraud upon the court & Fraud in the court 42 U.S. Code & 1983." *See* ECF No. 1.

- June 21, 2022 - Plaintiff filed a "First Memorandum of Law." *See* ECF No. 3. The filing claimed the "Guam Superior Court had botched [P]laintiff's case and offended the basic principle of Due Process, Fifth Amendment and Fourteen Amendment." *Id.* at 2.

- July 8, 2022 - The Judiciary of Guam filed a Motion to Dismiss on the basis of lack of subject matter jurisdiction, insufficient service of process and failure to state a claim. *See* ECF Nos. 6-7.

- July 15, 2022 - Plaintiff filed a "Mandate to Transfer to Ninth Circuit Court of Appeal," requesting that the matter should be transferred to the U.S. Court of Appeals for the Ninth Circuit. *See* ECF No. 10. He wrote "Plaintiff-Appellant is pursuant to Rooker-Feldman Doctrine and To Right-to-Honest - Service Doctrine and Vagueness Doctrine." *Id.* at 2. He asserted that he "has the standing to bring his claims because there was immediate and irreparable denial of the [P]laintiff's constitutional rights for Due Process and Equal protection under the law." *Id.*

- July 26, 2022 - Plaintiff filed a Second Memorandum of Law. *See* ECF No. 12. This filing repeated many of the same claims he raised in the First Memorandum of Law.

- September 19, 2022 - Plaintiff filed a Third Memorandum of Law. *See* ECF No. 15. The Plaintiff again complained how the Superior Court of Guam "botched" his case, *id.* at 1, that the Superior Court of Guam's decision was "produced by Fraud Upon the Court," *id.* at 2, and that he was "asking the federal district court to review and overturn state judgment." *Id.* at 5.

- December 9, 2022 - The court issued an Order granting the Motion to Dismiss. *See* Order, ECF No. 18. The court again discussed the *Rooker-Feldman* doctrine and stated that "Plaintiff complains of a legal wrong allegedly committed by the Superior Court of Guam and seeks relief from its granting summary judgment against Plaintiff. . . . [T]his court is precluded from exercising jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine." *Id.* at 3-4.

- December 12, 2022 - Plaintiff filed a Notice of Appeal. *See* ECF No. 21.

- August 7, 2023 - The U.S. Court of Appeals for the Ninth Circuit issued a Memorandum affirming this court, stating that Plaintiff's action "constitutes a forbidden 'de facto appeal' of prior state court and Guam Superior Court judgments and raises claims that are 'inextricably intertwined' with those judgments." Mem. at 2, ECF No. 22.

- October 26, 2023 - The U.S. Court of Appeals for the Ninth Circuit issued an Order denying the Plaintiff's petition for rehearing *en banc*. *See* Order, ECF No. 23.

*Philips VIII*, **Civil Case No. 23-00017**

- June 20, 2023 - Plaintiff filed a complaint against defendants Michael Berman and Daniel Berman, attorneys representing PCMH in the Enforcement Action. Compl., ECF No. 1. The complaint repeated prior claims that the North Carolina judgment wasn't final and that the local judiciary was not treating him fairly. He asserted claims for "Due Process, Tort, Slander, Harassment, Fraud, Defamation[,] Fraud In The court, and Injunction (sic) Relief," alleging that the Defendants "kept filing motions" which were served on the Plaintiff at his clinic by marshals and "[a]lways ask[ed] for sanctions" against him "to annoy, provoke or otherwise, cause emotional distress" upon the Plaintiff." *Id.* at ¶¶ 34-36 and 39.

- July 18, 2023 - Plaintiff filed what he captioned "Motion to Strike Rule 11[,] First Memorandum of [L]aw[,] Consolidated and Mandate to Transfer to 9th Circuit Court of Appeal" (the "First Motion to Strike"). *See* ECF No. 10. The court ultimately denied the First Motion to Strike as not ripe, since the defendants had not yet then filed their motion for sanctions. *See* Order at 1, ECF No. 41. The court also denied the request to transfer because the court was unaware of any related matter currently pending before the U.S. Court of Appeals for the Ninth Circuit. *Id.* at 2.

- August 11, 2023 - Plaintiff filed a "Reply and Motion to Strike" (the "Second Motion to Strike"), requesting the court to strike the defendants' opposition to his First Motion to Strike and claimed said opposition was "frivolous." *See* ECF No. 18. On April 4, 2024, the court issued an Order stating that the Second Motion to Strike was "largely incoherent and a repeat of previous assertions." Order at 2, ECF No. 41. The court found "the Second Motion to Strike to be without merit." *Id.*

- August 16, 2023 - Plaintiff filed a "Motion To Strike [D]efendant's [R]eply For Plaintiff's Motion to Dismiss (the "Third Motion to Strike"). *See* ECF No. 19. Therein, the Plaintiff rehashes his claims that the Defendants were filing "frivolous motions," that the "North Carolina order wasn't final and was . . . disputed," and that "[t]he local lawyer tries to create his own rules and Statutes." *Id.* at 1-2. In an Order issued on April 4, 2024, the court denied the Third Motion to Strike finding "no basis in law to strike [the defendants'] reply brief." Order at 2, ECF No. 41.

- October 23, 2023 - Plaintiff filed a "Motion To Strike Defendant's Motion & Mandate To Transfer To Ninth Circuit Court of Appeal" (the "Fourth Motion to Strike"), requesting the court strike the Defendants' Second Motion and Memorandum for Judicial Notice (ECF No. 27). *See* ECF No. 28. The court denied all of the Plaintiff's requests, finding them to be "meritless." Order at 2, ECF No. 41.

- December 4, 2023 - Plaintiff filed a "Rule 11 [Motion]," repeating his assertions that the defendants are harassing him by filing "103 motions and subpoenas" and how the defendants "kept filling out meaningless motions and asking for sanctions to misdirect the court from the Merit of the [P]laintiff's claim." ECF No. 34 at 2. On April 4, 2024, the court denied the Plaintiff's Rule 11 Motion, stating that the motion "fail[ed] to describe the specific conduct of the [d]efendants that allegedly violates Rule 11(b). The Plaintiff . . . failed to show how any of the [d]efendants' motions are frivolous or meaningless. In fact, the opposite is true[.]" Order at 3, ECF No. 41.

- April 4, 2024 - The below-signed judge issued a Report and Recommendation to grant the defendants' Motion to Dismiss (ECF No. 6) and Motion for Sanctions (ECF No. 14). *See* R. & R., ECF No. 40. The below-signed judge found no plausible claim against the defendants that arose under federal law, no diversity jurisdiction between the parties because the Plaintiff and defendants are domiciled in Guam, that the Plaintiff failed to establish a change in his domicile, and that leave to amend should be denied as futile. *Id.* The court further recommended that Rule 11 sanctions be imposed against the Plaintiff because his "assertion in the [c]omplaint that he is a resident of Florida and his further statement in his opposition to the Motion to Dismiss that his 'state of domicile is Florida' have no evidentiary support and would not have evidentiary support even afer reasonable opportunity for further investigation and discovery." *Id.* at 16-17. The court further found that "the instant suit was brought by the Plaintiff to harass the [d]efendants and unnecessarily delay the Enforcement Action being prosecuted by the [d]efendants against the Plaintiff." *Id.* at 17.

Based on the above account of the Plaintiff's numerous filings, the record is clear that the Plaintiff is abusing the judicial process. His continued attempts in this court to challenge a final state court judgment issued in North Carolina and the judgment and orders of the Superior Court of Guam that enforce the North Carolina judgment are frivolous. The court has repeatedly informed him that his attempts to transfer the Enforcement Action in this court are improper and untimely. The court has instructed him about the requirements of federal question and diversity jurisdiction, but the Plaintiff has either ignored the requirements or purposefully sought to evade said requirements by claiming a belated and unsupported change in domicile. On several occasions the court explained that the *Rooker-Feldman* doctrine prohibits his *de facto* appeals to this court, but the Plaintiff continues to rely on said doctrine in his filings seeking relief. The Plaintiff attempts to re-litigate matters that have already been decided despite the court's complete lack of jurisdiction. The Plaintiff's actions not only waste the judicial resources of this court but also the resources of the local judiciary, with the various stops and starts in the Enforcement Action through the repeated attempts to remove the matter to a federal forum.

The Plaintiff is not simply litigious. His actions are harassing in nature. When he did not like his lawyers' results, he turned around and sued them. *See Philips IV.* When he was displeased with the rulings of a court, rather than follow the appropriate appeal procedures, he filed lawsuits against the courts. *See Philips IV and VII.* When those lawsuits were dismissed, he brought suit and filed meritless motions against the lawyers prosecuting the Enforcement Action. *See Philips V and VIII.*

The Plaintiff's initial lawsuit related to the suspension and revocation of his medical staff privileges at PCMH was filed in 2005. *See Philips I.* Almost two decades later, the Plaintiff's meritless fight continues. For years, the Plaintiff has wasted this court and other federal, state and territorial courts' time and resources attempting to re-litigate claims the courts have rejected. Given the Plaintiff's numerous frivolous filings, the court finds that the Plaintiff has crossed the line from permissible use of the judicial process to flagrant abuse. Accordingly, the court recommends that the Chief Judge declare the Plaintiff a vexatious litigant and enjoin him from filing any complaint, motion, or other document in this district against PCMH, its agents or counsel, and against the local

judiciary, its judicial officers and staff unless and until such filing is first approved by this court.

## IV. Conclusion

Based on the above analysis, the court finds that the Plaintiff has failed to meet his burden of pleading and proving the existence of either federal question or diversity jurisdiction so as to justify the timely removal of the Enforcement Action from the Superior Court of Guam to this court. Accordingly, the court recommends that the Chief Judge grant PCMH's Motion to Dismiss pursuant to Rule 12(b)(1) because the court lacks subject matter jurisdiction. Even if the court determined that the Plaintiff had met his burden of proving this court had subject matter jurisdiction, his attempt to remove the Enforcement Action to this court is untimely. Finally the court recommends that the Plaintiff be declared a vexatious litigant and impose a pre-filing restriction upon him as described above.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Aug 02, 2024

## NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**