**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| SHERIF ANTOUN PHILIPS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PITT COUNTY MEMORIAL HOSPITAL, INC.,<br><br>　　　　Defendant. | CIVIL CASE NO. 23-00025<br><br>**DECISION AND ORDER<br>RE OBJECTIONS TO THE<br>MAGISTRATE JUDGE'S REPORT AND<br>RECOMMENDATIONS ON THE<br>MOTION TO DISMISS AND VEXATIOUS<br>LITIGANT DECLARATION** |

　　　　Before the court is the U.S. Magistrate Judge's Report and Recommendation (i) to Grant Defendant Pitt County Memorial Hospital, Inc.'s Motion to Dismiss (ECF No. 3), and (ii) to Declare the Plaintiff a Vexatious Litigant. R. & R., ECF No. 30. Also before the court is Plaintiff Sherif Antoun Philips's Objection to the Report and Recommendation. ECF No. 32. Plaintiff is proceeding pro se. The court has reviewed the record and the relevant case law and deems this matter suitable for submission without oral argument.

　　　　After considering Plaintiff's Objection, and upon de novo review of the issues presented in Defendant's Motion to Dismiss, the court hereby **ADOPTS** the Report and Recommendation in full, with the additions described below, and **OVERRULES** Plaintiff's Objection to the

Report and Recommendation. Accordingly, the court **GRANTS** Defendant's Motion to Dismiss with prejudice and **DECLARES** Plaintiff a vexatious litigant, enjoining him from filing further matters before this court without adhering to the pre-filing order included herein.[1]

I.  **BACKGROUND**

This case is one of several cases that arises from the same set of facts. R. & R. at 1-4, ECF No. 30; *see also, e.g.*, *Philips v. Berman*, No. 23-00017, 2024 WL 1464100, at *1-2 (D. Guam Apr. 4, 2024); *Philips v. Guam Courts*, No. 22-00014, 2022 WL 17551558, at *1 (D. Guam Dec. 9, 2022); *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. 18-00046, 2019 WL 4794514, at *1-2 (D. Guam Sept. 30, 2019), *adopted as modified*, 2019 WL 5963927 (D. Guam Nov. 13, 2019). The Report and Recommendation accurately articulates the factual and procedural background and, finding no cognizable objection, the court adopts it in full. *See* R. & R. at 1-4, ECF No. 30. The court restates the following as relevant to its analysis.

This case is preceded by an action filed in the Superior Court of Guam on May 21, 2018, to enforce a North Carolina judgment against Mr. Philips.[2] *See Pitt Cnty. Mem'l Hosp. v. Philips*, No. CV0478-18 (Guam. Super. Ct. Jan. 23, 2019) (granting summary judgment for the hospital and finding that the judgment rendered against Philips in North Carolina is entitled to full faith and credit in Guam).[3] Plaintiff initiated the instant action by filing "Motion To Transfer To Guam District Court" on November 20, 2023. Mot. to Transfer, ECF No. 1. As the Magistrate

---

[1] A copy of the pre-filing order will be issued separately.

[2] This case is also preceded by cases in the Superior Court of North Carolina, Pitt County; the Court of Appeals of North Carolina; the Supreme Court of North Carolina; the U.S. District Court for the Eastern District of North Carolina; the U.S. Court of Appeals for the Fourth Circuit; the Superior Court of Guam; the Supreme Court of Guam; the U.S. Court of Appeals for the Ninth Circuit; a petition for certiorari to the U.S. Supreme Court; and this court. *See* R. & R. at 1-2, ECF No. 30.

[3] A PDF of the Superior Court's decision is available at: https://www.guamcourts.org/Superior-Court-Decision-and-Orders/images/CV0478-18%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.pdf [https://perma.cc/396K-WEAM].

Judge explained:

> Plaintiff claims that he "has the right to transfer his case to the federal court where there was Complete Breaching of the plaintiff's constitutional right." *Id.* The Motion to Transfer states that "[t]he transfer was brought for the interest of Justice, the familiarity of the forum with the law and avoidance of conflict of law." *Id.* at 2. Similar to other actions he filed in this court, the Plaintiff repeats his assertion that this court has jurisdiction "over local cases as well as federal cases concerning the constitution." *Id.* at 3. Additionally, the Plaintiff appears to allege that this court has diversity jurisdiction over the action because the Plaintiff is domiciled in Florida, *id.* at 2, and PCMH is a North Carolina corporation. *See also* Pl.'s Reply to Mot. Dismiss at ¶ 28, ECF No. 8 ("Plaintiff's state of domicile is Florida and [PCMH's] stat[e] of domicile is North Carolina."). The Motion to Transfer also lists fourteen "issues" which, when read liberally, appear to raise claimed errors by the local judiciary in adjudicating the Enforcement Action. *See* Mot. Transfer at 3, ECF No. 1.

R. & R. at 2-3, ECF No. 30. This is not Plaintiff's first attempt to raise these issues in this court. *See Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 4794514, at *1-2 (D. Guam Sept. 30, 2019), *adopted as modified*, 2019 WL 5963927 (D. Guam Nov. 13, 2019).

Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) on November 30, 2023. ECF Nos. 3, 4. In its Memorandum, Defendant argues that the case should be dismissed because Plaintiff has not met his burden of establishing subject matter jurisdiction. Mem. at 12, ECF No. 4. Specifically: (1) there is no diversity jurisdiction because Plaintiff is a resident of Guam; (2) there is no clearly articulated federal question jurisdiction and even if there was, any such federal claims are time barred; and (3) res judicata bars Plaintiff's "claims for belated removal." *Id.* at 9-13.

Plaintiff filed an opposition, styled as "Reply and Strike Defendant's Motion to Dismiss," on December 11, 2023. ECF No. 8. The court construes Plaintiff's arguments as follows: (1) the court has subject matter jurisdiction because he is domiciled in Florida, not Guam; and (2) the

court has federal question jurisdiction because he raises Due Process Clause, Fifth Amendment, Fourteenth Amendment claims along with claims for "fraud upon the court," "fraud in the court," and the *Rooker-Feldman* doctrine. Reply & Strike at 5-25, ECF No. 8. Defendant filed its Reply on December 27, 2023, pointing out that Plaintiff has violated several of this court's Local Rules and failed to substantively oppose Defendant's arguments. *See* Reply at 1-5, ECF No. 9.

On August 2, 2024, the Magistrate Judge issued his Report and Recommendation, followed by an Order Denying Various Motions. ECF Nos. 30, 31. In the Report and Recommendation, the Magistrate Judge recommends dismissal for the following reasons:

(1) The court lacks federal question jurisdiction because the claims do not arise under federal law;

(2) The court lacks diversity jurisdiction because the Plaintiff has not adequately shown that he was not a citizen of Guam at the time he filed the Motion to Transfer; and

(3) Even if Plaintiff was not domiciled in Guam, Plaintiff's attempt to remove to this court was untimely.

R. &. R. at 4-10, ECF No. 30. The Report and Recommendation further recommends that the court declare Plaintiff a vexatious litigant because of his history of abusing judicial process. *Id.* at 11. The subsequent order denied the following motions filed before the Report and Recommendation was issued: (1) Plaintiff's "Rooker-Feldman Doctrine [&] Mandate [sic] to Transfer To The Ninth Circuit Court of Appeal" (ECF No. 7); (2) Plaintiff's "Abstention Doctrine, Primary Jurisdiction Doctrine, Rooker-Feldman Doctrine & Motion to Consolidation and Transfer" (ECF No. 11); (3) Plaintiff's "Motion to Strike Defendant's Opposition Reply on January 22, 2024" (ECF No. 13); (4) Plaintiff's "Third Memorandum of Law" (ECF No. 16); (5) Plaintiff's "Motion to Strike Defendant's Opposition filed on April 16, 2024" (ECF No. 19); (6) Plaintiff's Motion to Quash Subpoena (ECF No. 21) and Defendant's Request for Order to Show Cause (ECF No. 26); and (7) Plaintiff's "Motion to Strike Defendant's request For Show

Cause And The proposal order [&] Enforce Rule 11 over the Defendant's Lawyers" (ECF No. 27). *See* Order, ECF No. 31.

Plaintiff objected to the Report and Recommendation on August 5, 2024. Obj., ECF No. 32. Although Plaintiff's Objection is difficult to understand, the court interprets his objections as being substantively the same arguments made in his initial Motion to Transfer and in his Opposition to Defendant's Motion to Dismiss, with an additional, liberally construed objection to the recommendation to declare him a vexatious litigant. *Compare* Mot. to Transfer, ECF No. 1, *and* Obj., ECF No. 32, *with* Reply & Strike, ECF No. 8. Relevant here, the court construes Plaintiff's arguments as follows: (1) the court has federal question jurisdiction because he asserts "his constitutional right to a fair trial and makes claims under 'the First Amendment, the Fifth Amendment[,] the Fourteenth Amendment, Due Process, The Primary Jurisdiction, The Abstention Doctrine, Fraud Upon The Court, Fraud in The Court, and Rooker Feldman Doctrine'"; (2) the court has diversity jurisdiction because he is domiciled in Florida; (3) his attempt to remove the case was timely under "28 U.S.C. § 1446(b)(c)(1)"; and (4) the court should not declare him a vexatious litigant because "[l]osing the case doesn't indicate that the plaintiff's claims were frivolous and malicious." Obj. at 1-4, ECF No. 32.

In its response, filed on August 20, 2024, Defendant reiterates its arguments regarding the court's lack of subject matter jurisdiction and the application of res judicata from this court's prior decision in Case No. CV 18-00046 to dismiss the case for lack of jurisdiction. Reply, ECF No. 35; *see also Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 4794514, at *1-2 (D. Guam Sept. 30, 2019), *adopted as modified*, 2019 WL 5963927 (D. Guam Nov. 13, 2019). Defendant also explains that Plaintiff has asserted several miscellaneous arguments, such as the invalidity of proceedings and orders in other courts. *Id.*

Since his Objection to the R&R, Plaintiff has filed the following documents:

- August 5, 2024, ECF No. 33: "Rule 59" (i.e., Motion for Reconsideration) (which Defendant opposed on August 26, 2024, ECF No. 36).

- August 9, 2024, ECF No. 34: Notice of Appeal (which the Ninth Circuit Court of Appeals dismissed for lack of jurisdiction on September 23, 2024, ECF No. 38).

- September 25, 2024, ECF No. 39: "Plaintiff's Reply to Defendant's Request filed on Sept[.] 23,[ ]2024" (which follows Defendant's Request for Entry of Judgment or Order to Dismiss, filed on September 23, 2024, ECF No. 37).

- October 1, 2024, ECF No. 40: "Plaintiff's Reply to Defendant's Request filed on Sept[.] 23,[ ]2024" (which is a copy of ECF No. 39 with Plaintiff's Petition for Reconsideration to the Ninth Circuit appended).

- October 15, 2024, ECF No. 42: "Plaintiff's Opposition To Defendant's Reply Filed on October 11,2024" (which is essentially a copy of ECF No. 39).

For the reasons stated below, the court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation in full, with the following additions, and **OVERRULES** Plaintiff's objections. The court therefore **GRANTS** Defendant's Motion to Dismiss with prejudice and **DECLARES** Plaintiff a vexatious litigant.

## II.   LEGAL STANDARD

When a party objects to any part of a magistrate judge's report and recommendation, the district court must conduct de novo review of the portions subject to objections. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009) (explaining that de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered"). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). However, the court does not need to provide an individualized analysis of each objection. *E.g.*, *United States v. Ramos*, 65 F.4th 427, 433-35 (9th Cir. 2023) (holding that § 636(b) is satisfied when the court indicates that it reviewed the record de novo, found no merit to the objections, and summarily adopted the

magistrate judge's analysis).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

As the Magistrate Judge explained in the Report and Recommendation, federal courts are courts of *limited* subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Cases filed in federal court are presumed to lack subject matter jurisdiction until the party asserting jurisdiction shows otherwise. *Id.* A party can assert diversity or federal question jurisdiction as sources of subject matter jurisdiction. But without subject matter jurisdiction, the court must dismiss the case. *E.g.*, FED. R. CIV. P. 12(b)(1).

When a case is filed in state or local court, removal of that case to federal court is only proper if the action could have been brought originally in federal district court. *See* 28 U.S.C. § 1441(a). This means that a case can only be removed to federal court if the federal court has subject matter jurisdiction. Additionally, removal of actions must comply with 28 U.S.C. § 1446, which requires that a civil action "be filed within 30 days after the receipt by the defendant" or "within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b)(1).

Plaintiff's attempt to remove this case is not proper because he (1) lacks federal question jurisdiction, (2) lacks diversity jurisdiction, and (3) even if he could establish subject matter jurisdiction, his attempt to remove was not timely.

### 1. Lack of Federal Question Jurisdiction

Federal question jurisdiction exists when an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order for an action to "arise under" federal law, a plaintiff's requested relief must present a federal question at the time of removal. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). A federal district court may lack jurisdiction even when a plaintiff appears to invoke a federal question because "the relief requested in the federal

action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (internal quotations omitted); *see also Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court."); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003) ("It is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions. The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court[.]").

On its face, Plaintiff sought to transfer the action that Defendants filed against him in the Superior Court of Guam. Mot. to Transfer, ECF No. 1; *see also Pitt Cnty. Mem'l Hosp. v. Philips*, No. CV0478-18 (Guam. Super. Ct. Jan. 23, 2019). But rather than transfer his case to federal court, Plaintiff actually sought to remove the judgment rendered by the Superior Court of Guam to this court for review. Mot. to Transfer, ECF No. 1. Upon de novo review, the court agrees with the findings of the Magistrate Judge that "Plaintiff has not shown how the enforcement of a state court judgment arises under federal law." R. & R. at 5, ECF No. 30. The court adds the following to underscore this finding.

Plaintiff appears to assert that this court should review the Superior Court of Guam's decision because it "breach[ed] The Due Process, Fifth Amendment and Fourteenth Amendment," Mot. to Transfer at 2, ECF No. 1, and that the "Rooker Feldman Doctrine provide[s] to The Federal Court to hear appeals from the highest court of State decision." Obj. at 5, ECF No. 32. Rather than invoking federal law to allege illegal acts by adverse parties,

Plaintiff's Motion to Transfer focuses on how various other courts denied his claims in violation of federal law. *E.g.*, Mot. to Transfer at 6-7, ECF No. 1 ("Guam lower court kept breaching Due Process and Retaliation by issues order in Daily basis or multiple order on the same day and enforce sanction without the case of law or Statute prior Guam Supreme Court ruling (Retaliation) and insisting to serve plaintiff with fully armed court Marshall at least One a Week (Abuse Power)."). And even where Plaintiff appears to allege misconduct by adverse parties, these allegations do not translate to his alleged federal claims—all of which argue that the state and local courts committed fraud. *See id.* at 7, 8-18. This court fails to discern any nonconclusory allegations that support Plaintiff's attempt to invoke federal law in a way that does not seek to de facto appeal state and local court judgments.

The court will not belabor the point that it, and others, have repeatedly made to him: Plaintiff may not seek to "appeal" or "de facto appeal" the decision of a state court to a federal district court "even if a federal question is present or if there is diversity of citizenship between the parties." *E.g.*, *Philips v. Guam Courts*, No. CV 222022, 2022 WL 17551558, at *2 (D. Guam Dec. 9, 2022) (citing *Noel*, 341 F.3d at 115 (explaining the routine application of the *Rooker-Feldman* doctrine); *Cooper*, 704 F.3d at 777-78); R. & R. at 5-6, ECF No. 30.

Plaintiff does not adequately assert federal question jurisdiction in this case. Plaintiff's ongoing disappointment with the decision rendered by the Superior Court of Guam does not mean that he may seek review by this court.

**2. Lack of Diversity Jurisdiction**

Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). An individual is considered a citizen of the state in which they are domiciled at the time the lawsuit is filed. *Lew v. Moss*, 797

F.2d 747, 749-50 (9th Cir. 1986). An individual's domicile is "a location where [they have] established a fixed habitation or abode in a particular place, and [intend] to remain there permanently or indefinitely." *Id.* (internal quotations omitted). Several factors are considered in determining domicile, including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* at 750. No single factor is controlling, but courts require more than "statements of intent" to determine domicile. *Id.* "Domicile is evaluated in terms of objective facts." *Id.* (internal quotations omitted).

When a civil action is removable based on diversity jurisdiction because the parties are citizens of different states, a defendant seeking to remove *cannot* do so when they are a citizen of the state (or territory) where the action is brought. 28 U.S.C. § 1441(b)(2). In other words, Plaintiff cannot remove a case from the Superior Court of Guam (where he is a defendant) to the District Court of Guam if he is considered a citizen of Guam. This is known as the "forum defendant rule."

It is undisputed that Defendant's domicile is North Carolina, so the court will only briefly address Plaintiff's objection to the determination of his domicile. Plaintiff vaguely states that his domicile is Florida and not Guam. Obj. at 2-3, ECF No.32; Mot. to Transfer at 1, 2, ECF No. 1. He offers no objective facts in support of this contention. In comparison, as the Report and Recommendation explained, Defendant's attorney, Daniel Berman, has produced a declaration with twenty-two exhibits, including:

> Plaintiff's tax records, letters written by him, his medical license renewal applications, payments to the Guam Board of Medical Examiners, and


> other court records. *See* Decl. Daniel Berman, ECF No. 5 and attachments thereto. Additionally, Mr. Berman declared under penalty of perjury that "no disclosure from [the Plaintiff] exists in writing of any street address, [d]eed to real property in Florida, [l]ease of real property in Florida, real property parcel number of taxes paid in the State of Florida, City of St. Petersburg." *Id.* at ¶ 27.

R. & R. at 8-9, ECF No. 30. The Report and Recommendation further explained that:

> On May 8, 2007, the Plaintiff wrote to the Guam Board of Medical Examiners ("GBME") requesting he be given hospital privileges at the Guam Memorial Hospital because "effective June 1, 2007," he would be "working full time with [the] American Dialysis Center, Inc.," located in "Upper Tumon, Guam," *Id.* at Ex. 4. This is consistent with the Plaintiff's May 2018 filing with the North Carolina state court where he sought to "cancel" a hearing before said court and stated that he was "a solo nephrologist whom (sic) lives in Guam for 11 years." *Id.* at Ex. 18. Even the Supreme Court of Guam in a March 2023 Order affirming that the Superior Court had personal jurisdiction over the Plaintiff stated that the Plaintiff "has been living and practicing medicine in Guam for nearly a decade." *Id.* at Ex. 17. The exhibits further show that the Plaintiff renewed his medical license with the GBME in 2017, 2019, 2021, with each license valid for a two-year period. *Id.* at Exs. 6-8, and 10-14. Finally, when the Plaintiff filed this action, he listed a Guam address on the face of the Motion to Transfer *See* Mot. Transfer at 1, ECF No. 1. This same Guam address is listed on the front page of the Plaintiff's reply to the Motion to Dismiss. *See* Pl.'s Reply at 1, ECF No. 8.

*Id.* 9.

The court, having reviewed of the objective facts contained in the record de novo, agrees with the Magistrate Judge's findings, and determines that Plaintiff's domicile at the time of filing was Guam. After several years of litigation in North Carolina and a judgment against him, Plaintiff moved to Guam. Obj. at 15, ECF No. 32; R. & R. at 8-9, ECF No. 30. He has lived and worked on Guam since 2007. Plaintiff cannot suddenly claim that Guam is not his domicile for purposes of diversity jurisdiction. Thus, Plaintiff is barred by the forum defendant rule from asserting diversity jurisdiction.

### 3. Untimely Removal

Even if the court found that Plaintiff adequately showed that his domicile was Florida at the time of filing or asserted a claim arising under federal law, his attempt to transfer the case to this court is untimely.

As explained above, removal of actions must "be filed within 30 days after the receipt by the defendant" or "within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b)(1). The Defendant brought its enforcement action in the Superior Court of Guam on May 21, 2018, and served Plaintiff on June 5, 2018. *See Pitt Cnty. Mem'l Hosp. v. Philips*, No. CV0478-18 (Guam. Super. Ct. Jan. 23, 2019); *see also Philips v. Pitt Cnty Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 5963927, at *2. Plaintiff had 30 days after he was served to file for removal—he did not do so. Instead, Plaintiff did not initiate this action until November 20, 2023, when he filed the Motion to Transfer, which was well beyond the 30-day time frame. *See* Mot. to Transfer, ECF No. 1. This timeliness requirement is not new to Plaintiff. In fact, this court previously found in its order on November 13, 2019, that Plaintiff's attempt to remove was untimely because he had exceeded the 30-day time frame. *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 5963927, at *2. Plaintiff exceeded the deadline to file for removal in that case, and he did so again here.

### B. Vexatious Litigant

The court now addresses whether it should declare Plaintiff a vexatious litigant. The Report and Recommendation recommends that the court do so because of Plaintiff's ongoing abuse of judicial process and harassing actions over meritless and relitigated issues. The Magistrate Judge specifically recommends that the court enter a pre-filing order that "enjoin[s] [Plaintiff] from filing any complaint, motion, or other document in this district against [Pitt County Memorial Hospital], its agents or counsel, and against the local judiciary, its judicial

officers and staff, unless and until such filing is approved by this court." R. & R. at 17-18, ECF No. 30. Defendant appears to agree with this recommendation, pointing to Plaintiff's "Erroneous and Continuous Advocacy of the *Rooker-Feldman* Doctrine" and "Miscellaneous, Not Relevant and Meritless Arguments." *See* Reply, at 2-3, 4-5, ECF No. 35. Plaintiff's only apparent objection to the Report and Recommendation on this issue is that "[l]osing the case doesn't indicate that [his] claims were frivolous and malicious." Obj. at 3, ECF No. 32.

The court hereby adopts the Report and Recommendation's substantive findings regarding Plaintiff's frivolous and harassing filings in full. The court adds the following to support this conclusion.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). A vexatious litigant is one with an "abusive and lengthy histor[y]" of abusing judicial process. *De Long*, 912 F.2d at 1147. Federal district courts have the inherent power to regulate conduct by vexatious litigants through pre-filing orders. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, "pre-filing orders are an extreme remedy that should rarely be used." *Id.* Even so, a court may impose such an order if it does the following: (1) give the litigant notice and a chance to be heard before the order is entered; (2) compile "an adequate record for review"; (3) "make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and (4) narrowly tailor the pre-filing order "to closely fit the specific vice encountered." *Id.* (citing *De Long*, 912 F.2d at 1147-48). The first two requirements are procedural considerations that define how the court assesses whether to declare a litigant vexatious and enter a pre-filing order. *Id.* at 1057-58; *see also Ringgold-Lockhart v. County of*

*Los Angeles*, 761 F.3d 1057, 1063 (9th Cir. 2014) (explaining how the factors in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), provide a helpful framework in applying the first two requirements). The second two requirements are substantive considerations that help the court define the vexatious litigant and construct a remedy that stops the abusive behavior without infringing any right to access the courts. *Molski*, 500 F.3d at 1058. The court will address each requirement in turn.

First, Plaintiff was given adequate notice and a chance to be heard when the Report and Recommendation explained that he be declared vexatious litigant and impose a pre-filing order. R. & R. at 11-18, ECF No. 30; *see also Molski*, 500 F.3d at 1058-59 (finding fair notice when "the district court's order was prompted by a motion filed by the defendants and served on counsel"); *Ringgold-Lockhart*, 761 F.3d at 1063 (finding fair notice when the district court entered a tentative ruling declaring the litigant vexatious and allowing the litigants two weeks to argue against a final order and set the matter for a hearing); *Reddy v. MedQuist, Inc.*, No. CV 12-01324 PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; 'the opportunity to brief the issue fully satisfies due process requirements.'") (quoting *Molski*, 500 F.3d at 1058-59)). Plaintiff had ample opportunity to respond to the Report and Recommendation and has failed to assert any compelling objection.

Second, the Report and Recommendation, as well as this court's prior decisions, extensively detail Plaintiff's lengthy history of filing in this court. *See* R. & R. at 1-2, 11-16, ECF No. 30; *see also Philips v. Pitt County Mem'l Hosp., Inc.*, No. CV 18-00046, 2019 WL 4794514, at *1 (D. Guam Sept. 30, 2019), *adopted as modified*, No. CV 18-00046, 2019 WL 5963927 (D. Guam Nov. 13, 2019), *aff'd*, 855 F. App'x 324 (9th Cir. 2021); *Philips v. Berman*,

No. CV 23-00017, 2024 WL 1463100, at *1-2 (D. Guam Apr. 4, 2024). The court has further supplemented that history with the Plaintiff's filings following the Report and Recommendation. *See supra* at 6. In each of those filings, Plaintiff restates arguments previously made, includes superfluous attachments, and argues inapposite points of law already deemed meritless by this court or others. In short, Plaintiff's filing history and conduct before this court evidences his abuse of judicial process.

Third, in consideration of "the number and content of the filings," the court finds that Plaintiff's actions have been consistently frivolous and harassing in nature. *See Molski*, 500 F.3d at 1059. The court considers the following factors in making a substantive determination of frivolousness and harassment:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Molski*, 500 F.3d at 1058. The court agrees with the findings in the Report and Recommendation and restates those findings here:

> [Plaintiff's] continued attempts in this court to challenge a final state court judgment issued in North Carolina and the judgment and orders of the Superior Court of Guam that enforce the North Carolina judgment are frivolous. The court has repeatedly informed him that his attempts to transfer the Enforcement Action in this court are improper and untimely. The court has instructed him about the requirements of federal question and diversity jurisdiction, but the Plaintiff has either ignored the requirements or purposefully sought to evade said requirements by claiming a belated and unsupported change in domicile. On several occasions the court explained that the *Rooker-Feldman* doctrine prohibits his *de facto* appeals to this court, but the Plaintiff continues to rely on said doctrine in his filings seeking relief. The Plaintiff attempts to re-litigate matters that have already been decided despite the court's complete lack of jurisdiction. The Plaintiff's actions not only waste the

> judicial resources of this court but also the resources of the local judiciary, with the various stops and starts in the Enforcement Action through the repeated attempts to remove the matter to a federal forum.
>
> The Plaintiff is not simply litigious. His actions are harassing in nature. When he did not like his lawyers' results, he turned around and sued them. *See Philips IV.* When he was displeased with the rulings of a court, rather than follow the appropriate appeal procedures, he filed lawsuits against the courts. *See Philips IV and VII.* When those lawsuits were dismissed, he brought suit and filed meritless motions against the lawyers prosecuting the Enforcement Action. *See Philips V and VIII.*
>
> The Plaintiff's initial lawsuit related to the suspension and revocation of his medical staff privileges at PCMH was filed in 2005. *See Philips I.* Almost two decades later, the Plaintiff's meritless fight continues. For years, the Plaintiff has wasted this court and other federal, state and territorial courts' time and resources attempting to re-litigate claims the courts have rejected. Given the Plaintiff's numerous frivolous filings, the court finds that the Plaintiff has crossed the line from permissible use of the judicial process to flagrant abuse.

R. & R. at 17.

Finally, the court must narrowly tailor the pre-filing order "to closely fit the specific vice encountered." *Moleski*, 500 F.3d at 1057. The court hereby issues the following pre-filing order to prevent Plaintiff's ongoing abuse of judicial process in this court.

> Sherif Antoun Philips ("Mr. Philips") is hereby enjoined from filing any complaint, motion, or other document in the District Court of Guam against any of the former or current defendants named in this case or any other cases previously filed in this court unless and until such a filing is first approved by this court.
>
> If Mr. Philips wishes to file such a document, the court hereby orders him to submit a copy of the proposed filing, a letter requesting that the document be filed, and a copy of the pre-filing review order to the clerk of court. The clerk shall then forward the letter, document, and copy of the order to the reviewing judge for a determination of whether the document should be accepted for filing. Any document filed in defiance of this order shall be dismissed.
>
> In deciding whether to allow Mr. Philips to proceed with any new action, the court will consider whether the new action raises any issues that were raised or could have been raised in any of the previous actions, or

       whether the action has merit. The court may, in its discretion, require that Mr. Philips post a bond in the amount of the fees and costs that the defendants will likely incur in defending against the action. If the defendants prevail in the action, they may be entitled to compensation out of this bond for the fees and costs incurred in defending against Mr. Philips's action, notwithstanding any other provisions of the state or federal law limiting the right to recover attorneys' fees and costs.

This order is narrowly tailored because it prevents Plaintiff from attempting to relitigate issues previously decided by this court and appeal state and local court judgments. The order further insulates any defendants, current or former, from Plaintiff's frivolous attempts to drag them into court over settled issued. *See Molski*, 500 F.3d at 1057, 1061 ("The order is narrowly tailored because it will not deny [the plaintiff] access to courts on any . . . claim that is not frivolous[.]").

       Accordingly, the court hereby finds that Plaintiff has flagrantly abused judicial process and declares him a vexatious litigant. The court will file a copy of the order that restates Plaintiff's pre-filing obligations.

## IV.   CONCLUSION

       For the reasons set for above, the Magistrate Judge's Report and Recommendation is **ADOPTED** in full, with the additions stated above, and Plaintiff's Objection is **OVERRULED**. Accordingly, Defendant's Motion to Dismiss is **GRANTED** with prejudice, and Plaintiff Sherif Antoun Philips is **DECLARED** a vexatious litigant.

       **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: Dec 17, 2024**